# Third District Court of Appeal

## State of Florida

Opinion filed November 2, 2016.

————————

No. 3D16-1684
Lower Tribunal No. 14-31994

————————

**Peter M. Vujin,**
Appellant,

vs.

**U.S. Bank National Association, As Trustee, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Peter M. Vujin, in proper person.

Buckley Madole, P.C., and J. Chris Abercrombie (Tampa), for appellee.

Before WELLS, SHEPHERD and SCALES, JJ.

PER CURIAM.

ON APPELLANT'S MOTION SEEKING REHEARING, CLARIFICATION,
AND CERTIFICATION OF ORDER OF DISMISSAL

While the abbreviated record before this Court is unclear, it appears that Peter M. Vujin, the Appellant and defendant below, was served via publication in this foreclosure case. Appellant apparently filed a motion to quash service and, on January 27, 2016, the trial court conducted a hearing and entered an order denying Appellant's motion without prejudice. According to Appellant, this January 27, 2016 appealable, non-final order[1] was not served on Appellant until March 16, 2016, obviously too late for Appellant to have timely appealed this order.[2]

Again, while not entirely clear from the record, it appears that, on March 23, 2016, Appellant filed a motion seeking reconsideration of the trial court's January 27, 2016 order. The trial court denied this motion for reconsideration on June 15, 2016, for reasons apparently articulated at the June 15th hearing (the transcript has not been provided to us). Appellant has sought to appeal this June 15th order. After providing the parties with an opportunity to brief the jurisdictional issue, we dismissed Appellant's appeal because we lack jurisdiction to review this June 15th non-appealable interlocutory order. Stok v. Cabrera, 774 So. 2d 824 (Fla. 3d DCA 2000) (Mem); Fla. R. App. P. 9.130(a)(3).

We, therefore, deny Appellant's instant motion seeking rehearing, clarification and certification of our dismissal order.

---

[1] See Fla. R. App. P. 9.130(a)(3)(C)(i).

[2] Appellant is not precluded from challenging this order at the conclusion of the case. See Fla. R. App. P. 9.110(h).